IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TIM M. HILL, II                                                      PLAINTIFF

V.                                           CAUSE NO. 5:18-CV-21-DCB-MTP

UNITED STATES OF AMERICA                            DEFENDANT

ORDER AND OPINION

Before the Court are two motions: a Motion to Dismiss for Lack of Subject-Matter Jurisdiction **[Doc. 2]** filed by the United States of America, on behalf of the Department of Veterans Affairs (the "VA"), and a Motion to Remand **[Doc. 11]** filed by Tim M. Hill, II.

**Background**

The motions before the Court ask whether VA benefits deposited into a Trustmark National Bank account for the benefit of veteran Daniel McDaniel should be managed by VA-appointed fiduciary Matthew Alliston or McDaniel's state-court-appointed conservator, Tim Hill. Because that is a question this Court and the state court are without power to decide, the Court will dismiss this action for lack of subject-matter jurisdiction.

I

McDaniel is a veteran and receives $2,973.86 per month in VA benefits. He was declared incompetent in 2013 by order of the Chancery Court of Franklin County, Mississippi, which by the same order appointed Hill as McDaniel's conservator. See Doc. 11-1. Hill also acted as McDaniel's VA-appointed fiduciary for a time. But the VA terminated his appointment for failure to submit proper accountings and in 2017 appointed Alliston in his place. See Doc. 2-2.

As McDaniel's fiduciary, Alliston manages McDaniel's monthly VA benefits. Those benefits are deposited into a Trustmark National Bank ("Trustmark") account styled "Daniel McDaniel by Matthew Bartin Alliston VA Custodian." Because Alliston's is the only name appearing on Trustmark's "signature card" for the account, only Alliston can act on it.

This dispute arose in December 2017 when Hill moved the Chancery Court of Franklin County for an order directing Trustmark to transfer McDaniel's VA benefits from the Alliston-managed account to Hill as conservator for McDaniel.[1]

---

[1] In his response to the VA's Motion, Hill says his state-court motion sought a transfer only of "excess" funds. The state-court motion contains no such qualifier; it asks the Franklin County Chancery Court to "decree that Trustmark National Bank deliver the funds of Daniel McDaniel to Tim Hill, II." Doc. 1-1, p. 3.

Citing Hill's Motion to Transfer, the VA removed the action to this Court under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). See Doc. 1. The VA construes Hill's Motion to Transfer as a challenge to its power to supervise and appoint fiduciaries —— here, to terminate Hill and appoint Alliston —— and says that removal is the only way to protect its interest in benefits-administration.

Less than one week after removing this case, the VA moved to dismiss it for lack of subject-matter jurisdiction. See Doc. 2. The Court is without jurisdiction, the VA contends, because Hill's state-court motion to transfer raises benefits-management questions —— questions that the Veterans' Judicial Review Act, 38 U.S.C. § 511 ("VJRA"), precludes this Court and the Franklin County Chancery Court from reviewing.

Two days after the VA moved to dismiss, Hill sought an extension of time to respond. See Doc. 8. Hill stated he intended to file a motion to remand, and asked permission to respond to the VA's Motion to Dismiss within seven days of the Court's ruling on his soon-to-be-filed Motion to Remand. The Court granted Hill's Motion. See Doc. 9.

Hill filed the promised Motion to Remand two weeks later. See Doc. 11. In it, he argues that the federal officer removal statute

3

does not apply and insists that the VA benefits held in the Trustmark account belong to him, as McDaniel's conservator.

The VA responded to Hill's Motion to Remand with the same argument it raises in support of its Motion to Dismiss: Hill's Motion to Transfer triggers the VJRA and therefore deprives the Court of jurisdiction. See Doc. 14. The only "real issue" in the case, the VA's declares, is the VA Secretary's power to supervise and appoint fiduciaries.

Trustmark also responded. It says it is in a "difficult position" because it must evaluate the relative merits of Hill's and the VA's claims to McDaniel's VA benefits. And it fears it could be sued by either claimant.

After the close of briefing on Hill's Motion to Remand, the Court determined that that Motion and the VA's Motion to Dismiss raised a common dispositive issue. See Doc. 18. So the Court ordered Hill to respond to the VA's Motion and stated that it would resolve both Motions in a single order.

Hill has responded, and the Court has before it all it needs to decide the case.

II

This case is procedurally unusual. All parties agree that the Court lacks subject-matter jurisdiction. But they dispute why that

4

is so and what that means for the case moving forward. Hill insists that the case was improperly removed and must therefore be remanded; the VA rejoins that the case must be dismissed because the Franklin County Chancery Court also lacks jurisdiction under the VJRA. Unfortunately, the parties fail to brief the delicate issue of the Court's power, in the absence of subject-matter jurisdiction, to dismiss the case for lack of jurisdiction rather than remand it under 28 U.S.C. § 1447(c).

Some circuits hold that when a court that in fact lacks subject-matter jurisdiction is faced with a motion to remand and a motion to dismiss for lack of subject-matter jurisdiction, it must grant the motion to remand and leave the motion to dismiss to be addressed by the state court. See, e.g., Kennedy v. Natural Balance Pet Foods, Inc., 361 F. App'x 785, 787 (9th Cir. 2010) (unpublished memorandum opinion); In re Bear River Drainage Dist., 267 F.2d 849, 851 (10th Cir. 1959).

The Fifth Circuit holds otherwise. It has time-and-again recognized a "futility exception" to § 1447(c), which permits a district court to dismiss — rather than remand — an action when remand would be futile because the state court, too, lacks jurisdiction. See Boaz Legacy, L.P. v. Roberts, 628 F. App'x 318, 319 (5th Cir. 2016) (unpublished per curiam opinion); Asarco, Inc. v. Glenara, Ltd., 912 F.2d 784, 787 (5th Cir. 1990); In re Halo

5

Wireless, Inc., 872 F. Supp. 2d 558, 563 (W.D. Tex. 2012). The exception has its limits: It permits a court to select dismissal over remand only if it is clear that the state court lacks subject-matter jurisdiction. Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund, 500 U.S. 72, 88 (1991).

The Court decides its subject-matter jurisdiction based on the complaint, undisputed facts in the record, and the Court's resolution of disputed facts. Morris v. Thompson, 852 F.3d 416, 419 (5th Cir. 2017).

### III

#### A

The VA administers a federal program providing benefits to veterans. Some veterans manage their own VA benefits. For those unable to do so, the VA appoints "the person or legal entity best suited to receive . . . benefits in a fiduciary capacity." 38 CFR § 13.55. The VA may then make benefits payments to that fiduciary for the benefit of the veteran. 38 U.S.C. § 5502(a)(1).

To ensure the fiduciary uses VA benefits to benefit the veteran, Congress granted the VA broad supervisory powers. 38 U.S.C. § 5502. The VA may remove a federal fiduciary if necessary to protect the veteran's best interest. 38 C.F.R. § 13.100(a)(2). Short of termination, it may suspend benefits-payments and require

an accounting of benefits paid. 38 U.S.C. § 5502(b); 38 C.F.R. § 13.100(a)(1).

B

The VJRA establishes the procedure for review of claims relating to the administration of VA Benefits. 38 U.S.C. § 511. A party dissatisfied with the VA's resolution of a benefits-related issue cannot simply sue; he must instead pursue a specific appellate dispute-resolution path.

That path begins in the Board of Veterans' Appeals. 38 U.S.C. § 7104(a). If dissatisfied with that body's ruling, the party may appeal the ruling to the Court of Appeals for Veterans Claims, 38 U.S.C. § 7252(a), then to the Court of Appeals for the Federal Circuit, 38 U.S.C. § 7292, and finally to the United States Supreme Court, 38 U.S.C. § 7292(c). The VJRA grants jurisdiction to these courts and denies it to all others.

Before directing a disputant to one of these courts, a court must decide whether the VJRA applies. The VJRA precludes courts from reviewing the VA's decision on "all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." 38 U.S.C. § 511(a).

IV

To decide the Motions before it, the Court must make two determinations. First, it must determine whether Hill's state-court Motion to Transfer seeks review of the VA's decision of a question of law or fact "necessary to a decision by the Secretary under a law that affects the provision of benefits," 38 U.S.C. § 511(a), such that this Court lacks jurisdiction under the VJRA. And if it does, the Court must determine whether the state court is so clearly without subject-matter jurisdiction that dismissal without prejudice, rather than remand, is proper.

A

The VJRA applies. Hill's state-court Motion to Transfer aims to undo the VA's appointment of Alliston as fiduciary. Because that Motion challenges the VA's decision to appoint Alliston and remove Hill under § 5502, and a decision made under § 5502 is one made "under a law that affects the provision of benefits" under § 511(a), neither this Court nor the Franklin County Chancery Court has subject-matter jurisdiction.

i

Hill's state-court Motion to Transfer challenges the VA's § 5502-derived authority to appoint and supervise McDaniel's fiduciary. Hill's attempts to describe it differently fail to persuade. See Weaver v. United States, 98 F.3d 518, 520 (10th Cir.

8

1996) (district courts look to the substance of the dispute, not the labels given it, to decide if the VJRA applies).

The Motion to Transfer asks the Franklin County Chancery Court to order Trustmark to bypass Alliston — the person the VA decided was "best suited to receive . . . benefits" — and deliver benefits to Hill, the very person the VA removed as fiduciary for failing to fulfill his statutory duties to McDaniel and the VA. Because the Motion would, if granted, reverse the VA's express determination that Alliston is the person best suited to receive and manage McDaniel's benefits, it severely undercuts the VA's supervisory authority under § 5502.

ii

Challenges to the appointment and supervision of fiduciaries are not reviewable in this Court or a state court. 38 U.S.C. § 511(a). So the VA's § 5502-based decision to appoint Alliston and remove Hill was made "under a law that affects the provision of benefits." 38 U.S.C. § 511(a).

Federal opinions confirm that a fiduciary-management decision made under § 5502 is a decision that affects benefits under § 511(a). See, e.g., Jones v. United States, 727 F.3d 844, 847 (8th Cir. 2013). Consider one such opinion, Evans v. Greenfield Banking Co., 774 F.3d 1117 (7th Cir. 2014). There, a dispute arose when the VA declared veteran William Evans incompetent to manage his

9

affairs and appointed his daughter, Carolyn Stump, as his federal fiduciary. Id. at 1118. One year after appointing Stump, the VA terminated her appointment as fiduciary and appointed the Greenfield Banking Company in her place. Id. Stump sued Greenfield Banking Company in state court, alleging it breached its fiduciary duty to Evans. Id. The VA removed the case and moved to dismiss on the ground that the state court and the district court lacked jurisdiction. Id. The district court granted the motion; Stump appealed. Id. at 1118-19.

The Seventh Circuit affirmed. Id. at 1122. Because Stump's complaint "concern[ed] the discretion of the Secretary to designate, supervise, and remove a federal fiduciary," the court reasoned, it raised matters "affecting the provision of benefits" under § 511(a). Id. So too here. Hill's Motion to Transfer does not merely "concern" the Secretary's decision to remove Hill and appoint Alliston —— it seeks to negate that decision.

District courts agree: a decision relating to the supervision of a fiduciary under § 5502 "affect[s] the provision of benefits" under § 511(a). See, e.g., White v. Wright, 284 F. Supp. 3d 998, 1005 (N.D. Cal. 2018); Henderson v. United States, No. 1:14-CV-549, 2014 WL 11456277, at *4 (N.D. Ga. July 31, 2014); Ramnarain v. United States Veterans Admin., No. 11 Civ. 4988-BMC-CLP, 2012 WL 1041664, at *2 (E.D.N.Y. Mar. 28, 2012).

10

iii

Hill's state-court Motion to Transfer is really a challenge to the VA's decision to remove Hill as McDaniel's fiduciary and appoint Alliston in his place. Because that decision "affect[s] the provision of benefits" under § 511(a), this Court and the Franklin County Circuit Court are without jurisdiction. If Hill took issue with his removal as fiduciary for McDaniel, he should have appealed the VA's decision to the Board of Veterans' appeals, then, if desired, the Court of Appeals for Veterans Claims and beyond.

B

Having concluded the VJRA deprives the Court of subject-matter jurisdiction, the Court next considers the proper response: remand or dismissal without prejudice. Dismissal without prejudice is proper only if the Court finds that remand would be futile because the state court is clearly without subject-matter jurisdiction. Asarco, 912 F.2d at 787. The Court so finds here.

A glance at the text of the VJRA shows Congress's intent to deprive all courts of jurisdiction to re-litigate the VA's decision on a benefits-management issue. First, it precludes review, not by any federal court, but "by any court." 38 U.S.C. § 511(a) (emphasis added). And second, state courts are not among the tribunals

granted exclusive jurisdiction to review such matters. See 38 U.S.C. §§ 7104(a), 7252(a), 7292, 7292(c).

Federal appellate courts agree. The "only way to challenge" a benefits-management decision, the Seventh Circuit has explained, "is through the mechanism set up by Congress, a mechanism that does not allow for review by the state court." Evans, 774 F.3d at 1122. The D.C. Circuit, too, has advised that VJRA procedures form "[t]he exclusive avenue for redress of veterans' benefits determinations." Price v. United States, 228 F.3d 420, 421 (D.C. Cir. 2000) (per curiam opinion).

The Franklin County Chancery Court clearly lacks subject-matter jurisdiction over the benefits-management matters raised by Hill's Motion to Transfer. Int'l Primate Prot. League, 500 U.S. at 88. Remand would be futile. The Court therefore dismisses this action for lack of subject-matter jurisdiction. If Hill is dissatisfied with the VA's appointment of Alliston as his replacement, he must follow the VJRA's dispute-resolution pathway; he may not by state-court motion strip the VA of the authority Congress has given it under § 5502.

Accordingly,

IT IS ORDERED that the Motion to Remand **[Doc. 11]** filed by Tim M. Hill, II, is DENIED.

FURTHER ORDERED that the Motion to Dismiss for Lack of Subject-Matter Jurisdiction **[Doc. 2]** filed by the United States of America, on behalf of the Department of Veterans Affairs, is GRANTED, and this action is DISMISSED WITHOUT PREJUDICE.

A Final Judgment dismissing this action without prejudice shall follow this day in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED, this the 20th day of April, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE